**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KAMDEN-OUAFFO,  :  <br>    Plaintiff  : <br>  v.   : <br> HUCARRO, *et al.*  : <br>    Defendants.  : | 2:16-cv-8859-CCC-MF <br><br> **OPINION** |

This matter comes before the Court on two motions, ECF Nos. 24 & 28, of Plaintiff Ricky Kamdem-Ouaffo ("Plaintiff"), to vacate orders entered by Magistrate Judge Falk, ECF Nos. 23 & 28.

### I.  BACKGROUND

On November 29, 2016, Plaintiff filed a Complaint asserting claims arising out of an alleged incident that occurred while Plaintiff was working as an Uber driver. The Complaint named as defendants the Port Authority of New York and New Jersey ("Port Authority"), two Port Authority police officers (collectively with Port Authority, "Port Authority Defendants"), the City of Newark, the City of Elizabeth, a John Doe police officer, and a Jane Doe police officer. ECF No. 1. Several of the Defendants were granted extensions of time to respond to the Complaint. *See* ECF Nos. 5 & 10.

Subsequently, on January 9, 2017, the City of Newark filed a motion to dismiss in lieu of an answer. ECF No. 11. On January 11, 2017, Plaintiff informed the Court that after reviewing the City of Newark's brief he intended to amend his Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). ECF No. 12 at 1. Plaintiff noted that on its face,

Rule 15(a) provides for a party to "amend its pleading *once* as a matter of course," and that the time for making that amendment runs based on the filing of an answer or certain motions under Rule 12. Fed. R. Civ. P. 15(a) (emphasis added); ECF No. 12 at 1-2. As the Port Authority had not yet responded to his Complaint, Petitioner requested that "the Court issues an Order for the purpose of Rule 15(a)(1)(B) that time will begin to run after the last Defendant who has appeared had filed a response to [the] Complaint." ECF No. 12 at 2. Counsel for the City of Newark opposed this request, noting that even if Plaintiff's time to amend as a matter of course may run by the time the Port Authority responded, Plaintiff could still readily seek to amend under Rule 15(a)(2), which allows for amendment upon leave of the court. ECF No. 14.

Plaintiff submitted a subsequent letter, arguing that having to submit multiple motions to amend his Complaint and multiple amended complaints would be a waste of judicial resources and inefficient, particularly in light of his *pro se* status. ECF No. 15.[1]

On January 19, 2017, Judge Falk entered a Text Order on the docket, stating in its entirety:

> Before the Court are various letters relating to Plaintiff's automatic right to amend his complaint and his request to defer exercising that right until all defendants have answered or otherwise responded to the complaint. Defendant City of Newark opposes the request. The Court has considered the matter and has broad discretion in case management and amendment issues such as this one. In order to conserve party and court resources and in the interests of having one amendment, *Plaintiff's request to defer his automatic right to amend until all parties have joined is GRANTED. Plaintiff shall file any amended complaint no later than February 21, 2017.* So Ordered by Magistrate Judge Mark Falk on 1/19/17.

ECF. No. 17 (emphasis added). Notably, this Text Order both granted Plaintiff's request to defer his right to amend as a matter of course until all parties have joined, *and* set a definitive date as of

---

[1] Also on the docket is ECF No. 16, which appears to be a duplicate of ECF No. 12.

which Plaintiff should file his amended complaint.

On January 26, 2017, the Port Authority Defendants sought to extend their deadline to answer to March 13, 2017. ECF No. 19. Plaintiff opposed this request, ECF No. 20, and on February 1, 2017, Judge Falk held a telephone conference with the parties. The same day, he issued an order providing that "Plaintiff shall file any amended complaint no later than February 21, 2017," and the Port Authority "Defendants shall answer, move, or otherwise reply to Plaintiff's complaint no later than March 13, 2017." ECF No. 23 ("First Order").

On February 3, 2017, Plaintiff filed a motion to vacate the First Order. ECF No. 24. Plaintiff appears to argue that the First Order deprives him of his "right" under Rule 15 to amend as a matter of course after the filing of a Rule 12 motion or an Answer. Plaintiff submitted two further letters that appear to make the same substantive arguments, request that the Court resolve the matter quickly, and request that in the alternative Plaintiff be allowed to withdraw his Complaint pursuant to Federal Rule of Civil Procedure 41. ECF Nos. 25 & 26.

On February 8, 2017, Judge Falk clarified that under his First Order, "Plaintiff retains the right to file a second amended complaint, as of right pursuant to Rule 15(a), against the Port Authority Defendants, within 21 days of the Port Authority Defendants' filing of an answer or dispositive motion." ECF No. 27 ("Second Order").

Two days later, Plaintiff filed a motion to vacate the Second Order. ECF No. 28. He argues that the Second Order is contrary to the Text Order and that no party had objected to the Text Order. ECF No. 28 at 1-2. Plaintiff also argues that he lacks the resources to file an amendment of the Complaint for each Defendant, and that Rule 15 does not suggest that a plaintiff may have to file several amendments as a matter of course.

3

## II. DISCUSSION

Having considered the history of these proceedings, the Court concludes that Judge Falk reasonably exercised discretion. The Complaint is 138 pages long and names seven defendants. The precise identities of four of those defendants are unclear from the face of the complaint. In addition to naming "John Doe" and "Jane Doe" police officers, the Complaint also identifies "Police Officer Hucarro, ID 1778 c/o PANYNJ" and "Police Officer . . . ID # 3050 and/or 3030 c/o PANYNJ." It appears that it was subsequently determined that Port Authority Police Officer ID No. 1778 is, in fact, Liam Huczko, and Police Officer ID Nos. 3050 and 3030 are Axel Ortiz and Daniel Doland, respectively. ECF No. 9, at 2. In light of the length and complexity of Plaintiff's Complaint, and the uncertainty of the identities of some of the Port Authority Defendants, Judge Falk appears to have appropriately granted the Port Authority Defendants extensions of time to answer or otherwise respond to the Complaint.

The Court believes that the Second Order, which currently governs is an appropriate exercise of Judge Falk's discretion. To the extent that the Second Order conflicts with the Text Order, the later order is controlling. It is understood and anticipated that over the course of litigation, deadlines may need to be adjusted even in the absence of a Rule 72 motion. *See, e.g.*, Local Civ. R. 6.1; *Curbison v. U.S. Gov't of New Jersey*, No. CIV. 05-5280 (JBS), 2006 WL 3544560, at *4 (D.N.J. Dec. 7, 2006) (granting an extension in the "interest of justice."). For the same reason, Plaintiff's motion to vacate the First Order is moot in light of the Second Order.

Plaintiff's assertion that the Second Order violates Rule 15 because he "may have to file several amendments as a matter of course" is not compelling. ECF No. 28 at 12. As an initial matter, nothing in the Court's Second Order *requires* that Plaintiff file any amendments at all, it merely acknowledges that he may do so if he so chooses.

The Court is cognizant that Plaintiff is litigating this case *pro se*. Given Plaintiff's *pro se* status and in light of the impact of the passage of time and pending deadlines, and in order to ensure the expeditious resolution of this case, the Court will afford Plaintiff twenty-one days after the last answer or dismissal motion by Defendants to file an amended pleading. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Defendants who have not yet responded to the Complaint shall answer or otherwise move by March 13, 2017. Plaintiff may amend his Complaint by April 3, 2017.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate the First Order, ECF No. 24, is denied as moot, and Plaintiff's Motion to Vacate the Second Order, ECF No. 28, is denied. An appropriate Order will accompany this opinion.

To the extent Plaintiff has suggested that he may voluntarily dismiss his Complaint pursuant to Rule 41(a)(1)(A)(i) and refile his case, he may do so. However, the Court notes that such a dismissal may impose certain costs on the plaintiff, *Fed. Trade Comm'n v. Endo Pharm., Inc.*, No. 16-1440, 2016 WL 6124376, at *6 (E.D. Pa. Oct. 20, 2016).

Dated: February 21, 2017

*/s/ Claire C. Cecchi*
Claire C. Cecchi, U.S.D.J.